For meaning of Abreviations, See Ternary Digest, page XII.

### No. 505

### HUKILL, Exr. et v. HUKILL

### No. 19789.   Supreme Court

On motion to certify.  Dock. Apr. 23, 1926.

573.  GIFTS—Can a gift inter vivos of certificates of deposit be proven with pleading or proof of a delivery, actual or constructive, to the donee?

This action was brought originally in Franklin Common Pleas by Naomi B. Hukill against Harold R. Hukill personally Harold R. Hukill as Executor of the Estate of Elmer B. Hukill, deceased, for conversion of certain certificates of deposit.

Harold, son of Elmer, was appointed executor of his father's estate.  Namoi is the Mother of Harold and wife of the decedent.

It appears that $19,500 was invested by Elmer in certificates of deposit made out to "William Rindsfoos, agent."  At the trial and in the pleadings Mrs. Hukill proceeded on the theory that she was the owner of the funds represented by the certificates of deposit.  No evidence was admitted in support of a gift theory.

The Common Pleas Court rendered judgment on a verdict in favor of the executor, which judgment was reversed by the Court of Appeals on the ground that the trial court erred in charging the jury that "There is no evidence of a completed gift in this case, and the plaintiff does not claim under that theory." The executor in the Supreme Court contends:

1.  That Mrs. Hukill elected to proceed upon the ownership theory her claims are inconsistent because both could not be true.

2.  Without proof of delivery of the certificates the question cannot be submitted to the jury.

Attorneys—Vorys, Sater, Seymour & Pease for Executor.